**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRITBAR KAUR, AKA Pritbir Kaur, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70943 <br><br> Agency No. A047-659-865 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 20, 2014[**]
San Francisco, California

Before: FERNANDEZ and IKUTA, Circuit Judges, and ALBRITTON, Senior District Judge.[***]

Petitioner Pritbir Kaur petitions for review of the Board of

---

[*]  This disposition is not appropriate for publication and may not be cited to or by the court of this circuit except as provided by Ninth Circuit Rule 36-3.

[**]  This case was submitted on the briefs pursuant to Fed. R. App. P. 34(a)(2) and 34(f).  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]  The Honorable William H. Albritton, III, Senior District Judge for the U.S. District Court for Middle Alabama, sitting by designation.

Immigration Appeals' ("BIA") denial of relief from removal. We have jurisdiction under 8 U.S.C. § 1252. For the reasons stated below, we deny the petition.

We review the BIA's factual determinations under the substantial evidence standard, under which the record must not only support, but compel, the conclusion that the finding was in error. Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir. 2007).

1. The BIA determined Petitioner was inadmissible under 8 U.S.C. § 1182(a)(6)(E) and rejected Petitioner's plea of necessity, pointing out that Petitioner had offered no legal authority to support her contention that necessity is available as a defense to inadmissibility based on admitted alien smuggling. We agree with this assessment. In any event, Petitioner has waived review of the BIA's determination that she was inadmissible under 8 U.S.C. § 1182(a)(6)(E) because Petitioner's brief provided no argument to the contrary. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that issues raised but not supported by argument "are deemed abandoned").

2. This court need not consider the Immigration Judge's adverse credibility determination because the BIA denied relief assuming for its own analysis that Petitioner's testimony was credible. In a situation such as this, where no part of the BIA's decision relies upon the adverse credibility determination, we need not

discuss or analyze Petitioner's credibility. <u>Barraza Rivera v. I.N.S.</u>, 913 F.2d 1443, 1450 (9th Cir. 1990) ("Where the BIA assumes that an alien is a credible witness and thus does not rule on the credibility question, we do not review an immigration judge's credibility determination.").

3. Because of her failure to substantively dispute the issue by argument or citation to any record evidence or legal authority, Petitioner has waived review of the BIA's determination that her proposed social group of those who oppose arranged marriages is not sufficiently narrow or cognizable to qualify as a "particular social group" for the purposes of asylum and withholding of removal. Even if the particular social group were cognizable, substantial evidence supports the BIA's finding that Petitioner's fear stems from a personal dispute and is not on account of a protected ground.

To be eligible for asylum relief, and to satisfy the more demanding burden for withholding of removal, an alien must establish a well-founded fear of persecution at the hands of the government or someone the government is unwilling or unable to control, on account of one of several protected grounds, including membership in a particular social group. 8 U.S.C. § 1101(a)(42)(A); <u>Afriyie v. Holder</u>, 613 F.3d 924, 931 (9th Cir. 2010). In these proceedings, Petitioner has only argued membership in a particular social group as a relevant

protected ground, but in her brief before this court she does not discuss the issue beyond two conclusory assertions. Because Petitioner has not supported her position as to this issue with argument, we find she has waived review of the BIA's determination that her proposed social group was not sufficiently narrow or cognizable. In any event, the social group of those who oppose arranged marriage lacks the narrow definition, social visibility, and relationship to an immutable trait that are necessary to establish a particular social group under the BIA's precedent and our own precedent. See Henriquez-Rivas v. Holder, 707 F.3d 1081, 1083–85, 1091 (9th Cir. 2013) (en banc).

Furthermore, the record does not compel the conclusion that the BIA erred in determining that Petitioner fears harm on account of a personal dispute (as opposed to on account of a protected ground). Cf. Pagayon v. Holder, 675 F.3d 1182, 1191 (9th Cir. 2011). Therefore, substantial evidence supports this finding. Because both the lack of connection between the fear and a protected ground and the determination that Petitioner's proposed social group does not qualify for asylum purposes would independently warrant denial of asylum and withholding of removal relief, we affirm the BIA's decision on those matters.

4. Substantial evidence supports the BIA's denial of relief under the Convention Against Torture ("CAT") because the record does not compel the

conclusion that the Indian government would more likely than not instigate or acquiesce in torture of Petitioner. See Madrigal v. Holder, 716 F.3d 499, 508 (9th Cir. 2013) (applicant must show "a greater than 50 percent likelihood . . . that a public official would inflict, instigate, consent to or acquiesce" in torture). Although Petitioner testified as to her subjective belief that her feared persecutor might have connections to the police, her testimony does not establish a higher than 50 percent likelihood of torture at the hands of the government (or with its acquiescence) under the highly deferential substantial evidence standard. Therefore, we further affirm the BIA's denial of CAT relief.

For these reasons, we deny the petition for review.

**PETITION DENIED.**